[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 98-1245

FRANCISCA COLON,

Plaintiff, Appellant,

v.

SHIRLEY S. CHATER, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Robert W. Lovegreen, U.S. Magistrate Judge]

Before

Torruella, Chief Judge,
Coffin, Senior Circuit Judge,
and Stahl, Circuit Judge.

Donna M. Nesselbush and Green, Greenberg & Nesselbush on brief
for appellant.
Sheldon Whitehouse, United States Attorney, Mary E. Rodgers,
Assistant U.S. Attorney, and Wayne G. Lewis, Assistant Regional
Counsel, on brief for appellee.

September 30, 1998

Per Curiam. Appellant Francisca Colon appeals from
the district court's decision affirming the final decision of
the Commissioner of Social Security which denied her disability
insurance benefits under the Social Security Act. After
reviewing the administrative record, we conclude that
substantial evidence supported the denial of benefits,
essentially for the reasons given by the district court in its
decision. In particular, we note that the district court
correctly construed the medical record, which showed that both
of appellant's treating physicians, rheumatologist Dr. Edward
Lally and orthopedist Dr. Howard Hirsch, ultimately viewed her
pain to be muscular in origin and that both rejected the view
that it was due to her clavicular non-union. We make only the
following additional comments which relate to claims of error
not directly addressed by the district court.
1. We do not think that Social Security Ruling
96-5p required the administrative law judge ("ALJ") to
recontact Dr. Hirsch to clarify the basis for his opinion that
the appellant was disabled from December 1993 to December 1994. 
Under the Ruling, the ALJ was required to do so only if he
could not "ascertain the basis of the opinion from the case
record." The record contained a questionnaire, filled out by
Dr. Hirsch in July 1995, which stated the basis for his opinion
that the appellant was disabled.
2. We see no error in the ALJ's failure to
explain in detail why he discredited the appellant's testimony
as to her pain. He does not appear to have discredited the
specific facts to which she testified, since he determined that
she had a severe impairment which prevented her from performing
her past work. Rather, he apparently declined only to draw the
ultimate conclusion that her pain left her totally disabled,
offering legitimate reasons for doing so. Nor do we agree that
he mischaracterized her testimony regarding her daily
activities. Based on her testimony, the ALJ could reasonably
infer that, as the only adult regularly present, she cared for
her two young children who lived with her; that she could drive
(she stated only that she was not driving at the time of the
hearing because she did not have a car); that she could shop
(she testified only that her son lifted the "heavier" things);
and that she could do some household cleaning (she stated only
that she had "difficulty" cleaning, that she asked her younger
son to sweep the floor, and that her adult son, who lived in a
different state, did general cleaning when he was there). 
While she did not testify that she visited with friends
regularly, she did report that fact in her disability
applications. Finally, the appellant has not shown that the
ALJ failed to make the inquiries required by Avery v. Sec'y of
Health & Human Serv., 797 F.2d 19 (1st Cir. 1986).
3. The ALJ had no need to consult a medical
expert because the record contained several medical opinions on
appellant's functional capacity. Both Dr. Lally and Dr. Hirsch
offered opinions, and the Commissioner's consulting, non-
examining physician, Dr. Richard Mignacci, filled out a
residual capacity assessment form. While appellant's treating
physicians differed in their opinions on her functional
capacity, the ALJ reasonably explained why Dr. Lally's opinion
should be preferred.
4. The hypothetical, which appellant's counsel
posed to the vocational expert at the disability hearing, was
premised in part on the assumption that appellant's ability to
grasp with her dominant right hand was limited. Because this
restriction was not supported by the medical evidence, the ALJ
did not err in ignoring the expert's response to counsel's
hypothetical.
The decision of the district court is affirmed.